```
┌─────────────────────────────────────────────────────┐
│            NONPRECEDENTIAL DISPOSITION               │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 3, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1685

| | |
|---|---|
| ARTHUR F. FEENEY, | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Central District of Illinois. |
| | |
| *v.* | No. 18-1302 |
| | |
| UNUM LIFE INSURANCE COMPANY | Michael M. Mihm, |
| OF AMERICA, | *Judge*. |
| *Defendant-Appellee*. | |

**O R D E R**

A year after Arthur Feeney began receiving long-term disability benefits for injuries sustained in a fall, his insurer decided to discontinue the benefits because he no longer was "disabled," as defined by the employee-welfare benefit plan. Feeney sued to have his benefits reinstated under § 502(a)(1)(B) of the Employee Retirement Income

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Security Act of 1974 (ERISA), 88 Stat. 891, as amended, 29 U.S.C. § 1132(a)(1)(B), arguing that the insurer's review process was flawed and its decision arbitrary. The district court determined, however, that the insurer reasonably justified its decision and granted the insurer's motion for judgment on the pleadings. We affirm.

In June 2014, Feeney fell from a scaffold at his home, sustaining a concussion and knee and back injuries. At the time, he had been working from home as an information-technology accounts manager for a software company. The next month, he applied for long-term disability benefits under an employee-welfare benefit plan sponsored by his employer. The plan was insured by Unum Life Insurance Company of America and governed by ERISA.

After the fall, Feeney was seen several times by Dr. Jill Wirth, a family physician, who tended to his complaints of confusion and difficulty concentrating as well as knee and back pain. She referred him to physical therapy. In connection with Feeney's disability claim, she submitted treatment notes and a certification of disability to Unum reflecting that Feeney still suffered from short-term memory-loss, visual disturbances, and problems with balance and coordination. Based on these notes (and Feeney's emergency-room and physical-therapy records), Unum approved his claim for benefits through the date of his physical-therapy discharge, in October 2014. But Unum also advised that it was unclear whether he remained disabled after that date, and that it would continue to evaluate his claim.

To evaluate Feeney's records, Unum consulted with a family physician, Dr. Andrea Brown, who concluded that he had regained the physical and cognitive capacity to return to work. She noted Feeney's continued reports of knee and back pain, but she explained that his x-rays showed no abnormalities and that his functional assessment upon his recent completion of physical therapy indicated no strength or mobility limitations. Dr. Brown added that a CT scan of his brain had turned out normal, and that there was no evidence of ongoing cognitive impairment.

Unum submitted Dr. Brown's evaluation to Dr. Wirth, who took a more cautious view of Feeney's cognitive capacity. Providing a second certification of disability to Unum, Dr. Wirth stated that Feeney still suffered from diminished working memory and concentration, could not use a computer for prolonged periods of time, and was scheduled to undergo further cognitive testing in March 2015. Unum agreed to extend Feeney's benefits pending those test results, and asked Feeney to undergo a physical exam as well.

In March, Feeney underwent an independent medical examination with Dr. Lisa Snyder, a rehabilitation specialist. Based on this physical examination and a review of Feeney's medical records, Dr. Snyder found no strength, balance, or coordination limitations and concluded that there was "no reason" he could not return to full-time sedentary work.

The next month, Feeney was seen by neuropsychologist Shanna Kurth for a two-day cognitive evaluation. But the results of Dr. Kurth's evaluation were not shared with Unum because Feeney refused to authorize their release.

In the ensuing months, Feeney had an MRI of his spine and a bone scan that revealed old injuries or degenerative changes but no new abnormality. He continued to see Dr. Wirth, who authorized steroid injections for knee pain.

In July, Unum again had Dr. Brown review Feeney's records, which now included Dr. Snyder's exam and the scan results. Dr. Brown concluded that the evidence as a whole—the physical exam, imaging studies, Feeney's limited use of pain management, and the absence of cognitive test results—did not support the conclusion that he had work-precluding limitations after October 2014.

Dr. Brown sent her report to Dr. Wirth, who responded to Unum that Feeney now suffered significant physical limitations. Providing a third certification of disability, Dr. Wirth said that Feeney not only still experienced headaches and chronic fatigue, but also could not sit more than 15 minutes, lift more than seven pounds, or use computers for more than four hours at a time.

Soon thereafter, after again consulting Dr. Brown, Unum discontinued Feeney's long-term disability benefits because his records did not support the existence of work-precluding impairments after October 2014. As Unum explained in its written determination, no doctor had diagnosed ongoing cognitive limitations. Unum also concluded that Feeney's subjective complaints of knee and back pain, as documented by Dr. Wirth, were not supported by imaging studies or physical examinations. Unum also pointed out that Feeney provided no evidence to counter Dr. Snyder's conclusion that he could perform the duties of his job.

Feeney filed an administrative appeal with Unum. With this appeal, Feeney supplied additional materials, including a copy of Dr. Kurth's April 2015 cognitive

evaluation. In that report, Dr. Kurth found no deficits in Feeney's intellectual and language skills, short-term memory, focus, or concentration; she assessed his cognitive abilities as "within normal limits" and not precluding a return to work. Feeney also included the report of a vocational consultant, Bob Hammond, opining that his physical and cognitive impairments were too severe for him either to return to work or transfer to other employment.

Unum then asked four new independent medical consultants to evaluate Feeney's medical records. Dr. Chris Bartlett, a family practitioner, opined that Feeney's "largely normal" testing results did not support his subjective symptoms. Dr. F. William Black, a neuropsychologist, found "no evidence" that Feeney was cognitively impaired. Dr. Peter Brown, a psychiatrist, also found no cognitive limitations. Finally, Dr. Michael Slobasky, a pain specialist whom Unum consulted because Dr. Snyder no longer was available, conducted a "paper" independent medical examination—a longitudinal review of Feeney's physical symptoms based on his records to date. Based on these specialists' opinions, Unum concluded that Feeney had no long-term physical or cognitive limitations preventing him from returning to work. Unum upheld the termination of Feeney's benefits.

Two years later, Feeney sued Unum under ERISA to have his long-term disability benefits reinstated. He argued that Unum had arbitrarily terminated his disability payments after a flawed review process that denied him "full and fair review." In particular, he asserted that Unum had an obligation to supplement the record with two recent agency determinations extending disability benefits—one from the Department of Veterans Affairs and the other from the Social Security Administration.

The district judge granted Unum's motion for judgment on the pleadings, concluding that the decision to discontinue Feeney's benefits was reasonable. The judge determined, based largely on the findings of the many doctors who concurred that Feeney did not have work-precluding functional limitations, that it was not arbitrary or capricious for Unum to reach the decision that it did.

On appeal, Feeney argues primarily that Unum's review of his claim was tainted by a structural conflict of interest that caused it to favor the opinions of its file-reviewing physicians over the opinion of Dr. Wirth. But even if Unum had both the authority to determine benefits and the obligation to pay them, an insurer's benefits determination is arbitrary only if it was "impacted by the conflict." See *Lacko v. United of*

*Omaha Ins. Co.*, 926 F.3d 432, 440 (7th Cir. 2018). Feeney has not introduced anything to suggest that that happened here. Unum ameliorated any conflict by retaining numerous independent medical consultants to review his claim, thereby putting "distance between the conflict and the decision." *Id.*

To the extent Feeney argues that Unum wrongly downplayed the reports of his treating physician Dr. Wirth, no "treating physician rule" applies in the context of ERISA plans. See *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 828–29 (2003). Moreover, Unum did not "arbitrarily refuse to credit" Dr. Wirth's opinion. *Holmstrom*, 615 F.3d at 774–75. At each stage of review, Unum's physicians sought her input and responded to her objections by soliciting opinions of independent consultants. Unum reached its final decision only after determining that Dr. Wirth's opinions were inconsistent both with her own treatment notes and the findings of the other doctors. Having adequately considered her opinion, Unum was not required to defer to it.

Feeney also faults Unum for not considering the 2018 rulings of the Department of Veterans Affairs and the Social Security Administration, as well as consultation notes purportedly from his nephew Dr. Robert A. McGovern III, a neurosurgeon, opining in 2015 that Feeney suffers chronic back pain that will worsen with time. In an appendix to his reply brief on appeal, Feeney attached copies of all three documents for the first time. But none of these documents was part of the administrative record (indeed, the two agency rulings both postdated his administrative appeal). By failing in the district court to challenge the contents of the administrative record, Feeney—who was represented by counsel at the time—waived any argument that Unum should have considered these materials. See *Dorris v. Unum Life Insurance Co. of America*, 949 F.3d 297, 306 (7th Cir. 2020).

Finally, Feeney argues that Unum improperly denied his administrative appeal based solely on Dr. Slobasky's "paper review," without a current physical examination. But there is no presumption under ERISA against "paper review," which enables doctors to evaluate medical information, to balance test results against the subjective opinions of treating physicians, and to provide an expert opinion without direct consultation. *Davis v. Unum Life Insurance Co. of America*, 444 F.3d 569, 577 (7th Cir. 2006). And Feeney has not identified any reason to doubt the objectivity of Unum's consulting physicians. Id. at 575.

We have considered Feeney's remaining arguments, and none has merit.

AFFIRMED